SHAHOOD, J.
Howard Eubanks, Sr. (“Eubanks”) timely appeals after his complaint for malicious prosecution against appellees was dismissed based on the doctrines of res judicata and/or collateral estoppel. He primarily argues that the trial judge should have disqualified herself from presiding over this case before trial. We agree and reverse.
Ten years before the order dismissing this action was entered, Eubanks was arrested, tried, and acquitted of possession of cocaine. Facts at his first trial revealed that police, after obtaining a search warrant of his business, knew that cocaine discovered in Eu-banks’ car had been planted by a confidential informant. After his acquittal, Eubanks filed a civil suit in federal court alleging two counts of violations of 42 U.S.C. § 1983 in connection with his arrest and prosecution, and also alleging a Florida state law claim for malicious prosecution.
The district court entered summary judgment with regard to Eubanks’ § 1983 claim of false arrest, but denied summary judgment with regard to the federal and state malicious prosecution claims. After appel- *1165 lees successfully appealed from those rulings to the Eleventh Circuit,[1] the district court, on remand, dismissed the two federal claims with prejudice, and the state law claim for malicious prosecution without prejudice. It then remanded the state law claim to Bro-ward County Circuit Court.
The state law claim thereafter proceeded to trial before Broward County Circuit Judge Patti Englander Henning. On the day of trial, Eubanks filed a sworn motion to disqualify Judge Henning. He cláimed he had just discovered that the judge ten years before had executed the subject search warrants in which police found the cocaine in his car. Judge Henning denied the motion to disqualify as legally insufficient; however, she made the following remarks in doing so;
Even assuming the facts [in the motion to disqualify] as true, I don’t believe they are legally sufficient for disqualification. [Judges] are permitted to sit upon a criminal case when a warrant is signed by him or her. I see no reason to extend to civil litigation. It comes out of the same signing of a search warrant.
[[Image here]]
So the record is clear, in case this goes further, there has never been any subpoena of me. There has never been any listing of me as any witness. You [Eu-banks’ attorney] have stated I was a witness in this case, but that is not factually correct.
Judge Henning granted, however, appellees’ motion for judgment as a matter of law based on the doctrines of res judicata and/or collateral estoppel. From those two rulings, Eubanks appeals.
Eubanks argues that his sworn motion to disqualify Judge Henning was legally sufficient and that, under Florida Rule of Judicial Administration 2.160,[2] the court should have granted the motion We agree, but for different reasons. Although Eubanks’ motion to disqualify was not legally sufficient, the record shows that Judge Henning improperly took an adversarial stance in denying the motion. See Fla.R.Jud.Adm. 2.160(f). To avoid the appearance of impropriety, we hold she should have recused herself. See Kielbania v. Jasberg, 22 Fla.L. Weekly D2405, — So.2d -, 1997 WL 640728 (Fla. 4th DCA Oct.15, 1997). We, therefore, reverse the denial of Eubanks’ sworn motion to disqualify and, as such, do not reach the merits of Eubanks’ remaining argument on appeal.
REVERSED and REMANDED for further proceedings consistent with this opinion.
STEVENSON, J., and BROWN, LUCY CHERNOW, Associate Judge, concur.

. Eubanks v. Gerwen, 40 F.3d 1157 (11th Cir.1994).

. Rule 2.160, Florida Rules of Judicial Administration, provides in relevant part:
(d) Grounds. A motion to disqualify shall show:
(1) that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge; or
(2) that the judge before whom the case is pending, or some person related to said judge by consanguinity or affinity within the third degree, is a party thereto or is interested in the result thereof, or that said judge is related to an attorney or counselor of record in the cause by consanguinity or affinity within the third degree, or that said judge is a material witness for or against one of the parties to the cause.
[[Image here]]
(f) Determination — Initial Motion. The judge against whom an initial motion to disqualify under subdivision (d)(1) is directed shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.